First case on our calendar is Arcentales-Santos v. Garland, I assume we've got the lawyers let me just make sure we've got the other lawyer on Zoom. Mr. Shore are you there? Yes, yes your honor. I think you're on mute which is okay for now but we want to make sure we hear you later. Okay, so Mr. O'Dwyer you've got 10 minutes but you've reserved 2 minutes for a rebuttal so that gives you 8 out of the gate, the floor is yours, you may proceed. Good morning your honor, my name is Paul O'Dwyer, I'm the attorney for the petitioner in this case Carmen Arcentales and this case is really about whether or not my client is removable on the charge that's stated in the notice to appear and then whether or not the agency applied the correct standard to her application to withdraw her concession of removability. The notice to appear alleges that she is inadmissible to the U.S. on the basis that she entered the country without inspection whereas all of the evidence from the proceedings below show that she actually or almost all of the evidence shows that she entered the country with a visa and was inspected. Well the only evidence is her own testimony and then I guess an affidavit from her brother but he never saw the visa or the passport and he never saw her at the airport either, right? That's correct but if you, so I think to understand the basis for our arguments I think so that the record is not as unequivocal regarding that issue as respondent would suggest. So on the, she's filed for asylum, her first immigration application was in 2014 when she filed for asylum and on the front page of the asylum application it states and that's in the record at page 438, it says that she left Ecuador on December 24, 1999 and she entered the U.S. at New York, New York on the same date. So really the, and then it states under that, this is clearly a form prepared by an attorney, it says that her status when she entered was EWI, which is entered without inspection, which is really a term of art that lawyers use and it's not something that. Yeah, on the other hand, her lawyer did say that and there was a concession and it's only a later lawyer that takes it back so it's not, it certainly is not an appealing situation, is it? Well, on the face of it, it's not but I think if you dig a little deeper, Your Honor, so if you look at the transcript of that first hearing where the lawyer made the concession and that's in the record at page 59, the judge simply asked the lawyer did she concede the charges and he said yes but the regulations require the immigration judge to read the notice, the factual allegations to the person in proceedings and to explain to them what the allegations are in a non-legal understandable manner and that never happened and that's a mandatory requirement. Isn't it a bit suspicious that she doesn't even remember any of the things with respect to this fake passport? Well, I think it would be a bit suspicious if she had entered a year earlier but this was an entry she had made in 1999 and I don't think it's that unrealistic that she would not remember the biographic details of the person whose passport she had used to enter the country but I also think that in a way we're kind of leaping ahead of things because what we're doing here really is what the immigration judge should have done which is to have held a hearing on the issue of removability because a concession of removability is only authorized where there's no contrary evidence and the immigration judge in this case applied an incorrectly high standard by requiring Ms. Arcentales to, when she, so the evidence regarding her lawful entry came quite spontaneously from her in response to a question from a government lawyer. So I don't think there's any question here that she has been somehow nefarious or dishonest with regard to it. There's no question that the burden is on her. The question, and this will be the thing that I will want to ask the government, is whether that burden is clear and convincing evidence or preponderance of the evidence and what was it that the IJ held her to in failing to grant her? Well, the IJ applied an incorrectly high standard in two ways, by first of all requiring clear and convincing evidence and secondly requiring as a matter of law that it be independently corroborated because there is no requirement that it be independently corroborated. There are many, many cases. Counsel, I don't know where you're going with this argument. What is your contention? What's the basis? What's the basis for your argument that she was admissible? That she was admissible at the time. We're not saying that she was admissible during the time of the removal hearing. She was inadmissible at all relevant times, isn't that correct? That is correct. But the question is whether or not she was correctly, she was charged under, she was not, she's not removable or inadmissible based on the charge that was leveled against her. But so what's the point? Send it back so that the IJ and the agency can then just cite to a different section of the statute to say she's inadmissible because she procured by fraud a visa? Well, if the case is sent back, then the proceedings would be assuming that, you know, either the proceedings were terminated immediately or there was a hearing of removability and it turns out that she's not removable on this charge, then the case is terminated and she's not subject to a removal order. She's not, it's not, it's not a, it's not a pointless exercise because now she's subject to a removal order based on this charge. If it's clear that she was not properly subjected to this charge in the first place, then the removal order is vacated and she's no longer subject to it. I mean, the government have had, you know, like three years now to file an amended charge in this case and they haven't done it. So there's no reason to assume that, that if the case were sent back below, that they would now file an amended charge. So if, if in fact, if it didn't matter then on what basis she was found removable, then clearly we wouldn't be here. But the fact is that she was found removable based on this charge. You're saying that if she is removable under the wrong, under a different section, different procedures would have to be followed and that there's actually a case where the government said that sending it back in such situations isn't futile. That's correct. That's really the question of whether this is so, so futile because she'd just be kicked out under another section, but why should we bother? But there's been no charges laid under that other section. I mean, in that case, then, if that were the case, then there would be no need to have hearings on removability. And certainly I don't want to do what her lawyer did, because I don't want to immediately concede that she would be inadmissible if she was properly charged. But it's my opinion that she would be. I don't want to concede that issue. But I think the greater point is that she was not removable on this charge. But in any event, she's conceded removability, hasn't she? Her attorney conceded removability on the charge in the notice to appear. But now it's apparent that she's not removable on that basis because she simply did not enter the country without inspection. Well, I mean, the standard, I think, where there's been a concession of removability is that we're going to vacate that or overlook it where there's manifest injustice or where the concession is plainly contradicted by the record evidence. That's correct. And so which of those are you relying on, not injustice? No, we're saying that it's plainly contradicted by the record evidence. Because she said so at the hearing, and that is enough to withdraw. So every time anybody decides at a hearing that they want to change their minds on concession of removability, they get a hearing. No, no. They get to take it back and have a hearing. That's not. So why not? That's not our position, Your Honor, because in this case, because I don't think that's the law and that's not what I'm advocating. What I'm advocating is in this case where, first of all, the concession of removability was improperly made by her attorney at the time, she was never questioned about the allegations in the notice to appear. Well, but it's fully supported by the record. I'm sorry? It's fully supported by the record. There's no reasonable argument that I can see, I may be missing something, that she is not admissible. Well, Your Honor, but we're not arguing whether or not she's admissible or inadmissible. The question is whether or not the concession of removability on the specific charge that was leveled against her, whether or not that should be vacated because it's contrary to the evidence. Is she admissible on any basis? If she is not currently admissible, there is, and I've gone over my time. That's okay. You can proceed. So there are different implications from being found removable because you entered without inspection versus if you entered with a visa, and that largely relates to a person's eligibility to apply for adjustment of status, which she could do having been admitted with a visa. Right, but if the visa was procured by fraud, then you're separately inadmissible, right? She would be inadmissible for fraud, and then there's a waiver available for that, and whether or not she would be eligible for that. Let me try to get this straight. You are saying that if she was inadmissible because of fraud, while there are some consequences that may be worse for her, there may be some circumstances in which things are better for her,  That's correct, Your Honor. Now, what are the circumstances in which it might be better for her? Are there any because of which, let's assume for the moment, and I'm not saying that it's so, but that you are correct that she was treated under the wrong section or under that section, the right section with the incorrect standards approved. What difference does it make that may possibly be in her favor? So if she became eligible to apply for permanent residence in the U.S. as a result of sponsorship to a family member, having entered the country without inspection, she would not be eligible to apply for adjustment of status here. She would have to leave, return to Ecuador, where she would be subject to a 10-year bar. We know what happens then. But what happens if the reason that she is inadmissible is because she tried to come in with a fraudulent visa? She would be subject to a ground of inadmissibility for fraud for which there is a waiver available based on a showing of hardship to particular family members. Which is not just, and I want to be clear, I'm not saying that she is now eligible for adjustment of status. That's not the case before us. I'm just trying to see if there is any circumstance where if we were to rule for you on the first one, it would make any difference at all. Well, I think it makes a difference because the very practical reason is that she now has a deportation order. And so if I were correct, if I am correct, I think I am, the evidence does not support the charge in the removal order. And so she would not be... I understand that. That if the only thing is we would have to throw out this deportation order and have the government go back and make another one, that isn't worth the trouble. If there are reasons why under the other one it might make a difference, then that might be a different case. Well, I understand your point. And I guess my response is that the government has not shown that they have any intention or there's been any indication that the government intends to file a new charging document. Would there be any bar to them doing that? Absolutely not. Absolutely not. But they haven't done it. Well, they haven't done it because they haven't needed to. Because they got what they wanted based on a concession that the IJ found to be enforceable. Right. But they could have done it and avoided the entire appeal simply at the removal hearing. Okay. All right. Well, you've reserved two minutes for rebuttal. So we'll now hear from Mr. Schor. Mr. Schor, are you there? You're still mute. Can you hear me, Your Honor? Yes. Now we can hear you. Good. Thank you. Good morning, Your Honors. My name is David Schor. I represent the Attorney General of the United States. The petitioner, Ms. Arcentales, had a full and fair opportunity to litigate the issue of her removability and to present her cancellation of removal claim. The immigration judge and the board decided that she failed to establish egregious circumstances necessary to withdraw her concession of removability and deny her application for a leave. The issue before the court is whether the agency correctly held her to her counsel's concession of removability. So first, I just want to make the point that Ms. Arcentales was required to establish egregious circumstances. Full stop. She wanted to, in her motion to terminate the proceedings, she wanted to unwind her concession and to sort of go back to square one. She bore the burden of showing that that course was appropriate. Now under board precedent, matter of the last place, a showing of egregious circumstances is required across the board. There aren't sort of backdoor ways around making a showing of egregious circumstances based on, contradicted by the record, et cetera. Egregious circumstances are always required. Counsel, let me tell you what my only problem is. On the question of whether she has demonstrated that she was eligible, the burden is on her, but the burden under the section that is relevant, that is section 1361, that doesn't specify the level of proof that she must give. And we have a summary order some time back on a panel in which the very young judge I was, happened to be there, other people wrote it, said that the burden was preponderance of the evidence. The IJ held that she hadn't met her room by clear and convincing evidence. That is relevant to two other sections, none of which really on their terms apply, because one of them speaks of somebody who is legally present, and she clearly is not legally present, or entitled to be admitted, and she clearly is not entitled to be admitted. So those sections don't apply. The only section that applies is one where the burden is unclear. So my question is, what do we do in a situation where the BIA, which has a right to interpret that because it's not clear, has never told us what the proper one, and we actually have a summary order going in one direction, different from the other. So isn't it at least plausibly proper for us to send it back to the BIA and say what is the appropriate standard? Before we ever get to the question of whether it's egregious or bananas or whatever else, just to settle something in the law? Sure. That would be unnecessary in this case for a couple of reasons. First, the government's position is that the regulation, which is 8 CFR 1240.8C, is squarely on point. That regulation states that in the case of someone, like the petitioner, who's charged with not having been admitted to the country, once alienage is established, as was here, unless the individual demonstrates, by their convincing evidence, that she is lawfully in the United States... But the problem with that section is that section deals with somebody who is, whether they are legally present or entitled. And that's a higher level, and she clearly is not asking for that, nor is she in any way eligible for it. So I don't see how that section applies. At least, on its face, it doesn't. It may be that the BIA tells us that it applies, and then we'd have to do the usual thing. But I just don't know that it applies. My problem, if you understand me, it's a very technical one. It has really very little to do with the merits of a particular case, of what happens after. But just whether there was an error, which, unfortunately, this being an agency, we can't say, as we do with a district court, because they're general. Yes, Your Honor. Respectfully, the regulation at 1240.8c, the very last phrase there, is that the burden to show clearly and beyond doubt that you're entitled to be admitted. She's not claiming that, but it then says, and is not inadmissible as charged. And so the government's position is that regulation means what it says, that she has to show she is not inadmissible as charged, at a minimum, regardless of any claim, and she's not making one, of being here illegally. And it's that, not inadmissible as charged. But again, Your Honor, we don't even need to get to that. Because she can't show that she should be able to withdraw her concession, regardless of what the standard is for responding to the charge. We're not writing on a blank slate here. We have a concession of removability. So she still has to get past the egregious circumstances first. Now, she admits that she's removable, albeit on a slightly different ground. That is, having either lacking a valid entry document or procuring her admission through fraud. And the result would be the same. So there's certainly no egregious circumstances. And the board said as much. So the immigration judge and the board really gave two reasons that are independent for rejecting the effort to withdraw the charge. The first was no egregious circumstances, full stop, and that's it. The second was this burden of proof issue. And so the court doesn't even need to reach that burden of proof question. And I do want to say... Let me see if I understand you. You are saying that her concession is not removable, is not... that her concession remains in place because there are no egregious circumstances. And under that concession, whatever may have been, the standard is met regardless of whether it is one thing or the other. Yes. That given her concession, if we leave the concession in place, then the standard is met regardless of whether it is clear and convincing or preponderance of the evidence. Correct, Your Honor. Okay. Now... Sorry. Go ahead. So I do want to address very briefly this notion of remand futility. Remand would be futile. Now, in her reply brief, the petitioner relies on this case, Broody v. Barn. In that case, it's far from obvious that the petitioner was removable at all. The board committed legal error in saying that your procedurally regular wade through at the corner was not an admission. And there was no other ground even floated for inadmissibility. Here, the petitioner has repeatedly conceded in the brief to this court, in the brief to the board, fraudulent, quote-unquote, passport, that she used a fraudulent passport and lacked a valid one at the time that she procured her admission. So the case is entirely distinguishable. And there are other cases from this court where the court says, we don't have to address the ground the agency relied on because the person is removable under X, Y, Z. And it's, you know, a certainty. So remand would be entirely futile. And I also just want to address this notion that the record plainly contradicts the concession of removability. It does not. We have the asylum application, a cancellation of removal application, where she checked a box saying, I entered without being admitted and I lacked any documents. That's the cancellation of removal application, that's the asylum application, and then the counsel's concession. So the record evidence is hardly, you know, unequivocal. And I do want to say the immigration judge, regardless of whether we're talking about a preponderance of the evidence or a clear and convincing standard, there's a difference, certainly, Your Honors, between credible testimony, which is the minimum of what you need to sort of get your foot in the door from carrying your burden, and persuasive evidence. The Supreme Court explained this distinction in Ming Dai, that credible testimony is not necessarily enough to get you there. And where she'd already conceded removability, and where we had this critical evidence of the record, it was not unreasonable or error for the IJ and the board to say, give us some cooperation, give us something, which she failed to do. And for all those reasons, what she did not do. Thank you, Your Honors. All right. Thank you, Mr. Schor. We'll now hear from Mr. O'Dwyer for two minutes of rebuttal. Yes, Your Honor, so I would really like to address the question of whether or not the issue of the evidence regarding my client's removability and her entry. And I want to point out, so the first time, the only time anybody asked her about how she entered the country was when the government's attorney asked her about that during cross-examination. It was the government who brought it up. Counsel, what I want to know is whether the fact that she had conceded removability, and if we believe that there isn't sufficient egregiousness to remove that, whether that is, as the government's attorney says, prior to the question of what the standard of proof that is needed. That is, if that is there, and we don't agree with you that that can be removed for concession, does it matter what the standard that the IJ applied? I think it does, because I think that the IJ simply has to be satisfied that the record evidence contradicts the concession of removability, which is the case here. The immigration judge You're not going on egregiousness. You're going on the fact that it could be removed if the record evidence counters the concession. That is correct, Your Honor. And you are saying that the record evidence is enough so that the standard that would be applied would matter. That is correct. I don't understand that. It seems to me I've studied this record that regardless of whether it's clear and convincing or preponderance, she loses. It seems to me the government's case for fraud, misrepresentation, what have you here is simply overwhelming. She has no colorable response to the government's contention that she falsified she entered on with falsified documents. None. But that is correct, Judge. But the government has not charged her with that. The government charged her with entering the country without inspection. She said at her removal hearing, I didn't do it. I entered with a visa. And the immigration judge said, I find you credible. I believe you. So I think that I believe that that would satisfy her stance. There's lots of testimony that came in the record after that. I beg your pardon, Judge? That ship has sailed. There's lots of testimony that came in the record following that that established a basis for denying her application. But not on the basis on which she was charged. All right. We will reserve decision. Thank you both.